**UNITED STATES of America,
Appellee,**

v.

**Mario RAMOS, Defendant–Appellant.**

**No. 06–2905–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 11, 2008.

Richard B. Lind, New York, New York, for Defendant–Appellant.

John P. Cronan, Assistant United States Attorney (Diane Gujarati, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Mario Ramos appeals from a judgment of the United States District Court for the Southern District of New York (Kram, J.) entered on June 15, 2006, convicting him, following a jury trial, of conspiracy to distribute and

to possess with intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. Ramos was sentenced principally to 240 months' imprisonment and ten years of supervised release. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Ramos argues that his conviction should be reversed because the district court erred in denying his motion to dismiss the indictment on the grounds that the length of time between the filing of his indictment in September 1998 and his arrest in March 2004 violated his right to a speedy trial under the Sixth Amendment.[1] In determining whether a pre-trial delay constitutes a constitutional violation, a court must examine four factors: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Ramos claims that the district court erred in balancing three of the factors when it concluded that he was more to blame for the delay than the government, that he failed to assert timely his right, and that the delay did not cause him significant prejudice. Reviewing the district court's decision for abuse of discretion, *see United States v. Williams,* 372 F.3d 96, 113 (2d Cir.2004), we conclude that the district court did not err in balancing the *Barker* factors.

Ramos's central challenge is to the district court's finding that he was more to blame than the government for the five-and-a-half-year delay between his indictment and arrest because he asserts that he was not eluding authorities and the government failed to exercise due diligence in arresting him. *See Doggett v. United States,* 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (clarifying that the second *Barker* inquiry—the reason for delay—is "whether the government or the criminal defendant is more to blame for that delay"). The government counters that the delay was justified because Ramos was a fugitive avoiding arrest in the Dominican Republic and authorities made a good-faith effort to bring him to trial following his indictment.

■ As an initial matter, Ramos asserts that the district court's entire analysis of the reason for delay is flawed because it erroneously used statements he made for a pre-trial services report as substantive evidence that he was in fact in the Dominican Republic during much of the period between his indictment and arrest and was not living, as he maintained, at his known address in New York. *See* 18 U.S.C. § 3153(c) (making "information obtained in the course of performing pretrial services functions in relation to a particular accused ... not admissible on the issue of guilt in a criminal proceeding"). The district judge explicitly stated, however, that she was not adopting the contents of the report, instead using them only to impeach the defendant's contradictory affidavit. *See United States v. Griffith,* 385 F.3d 124, 126 (2d Cir.2004) ("[A] defendant's statements to pretrial services are admissible against the defendant when used to impeach the defendant's credibility."). We see no reason in the record to question the district court's stated use of the evidence

---

1. While Ramos also states that his statutory rights under the Speedy Trial Act were violated, his brief addresses only his constitutional claim. As such, we deem any challenge beyond one based on his constitutional right to a speedy to trial to be waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

and conclude that it did not err in doing so.

■ With regard to the merits of the reason for delay, Ramos argues, based on his own affidavit and his daughter's testimony, that he was never a fugitive avoiding prosecution because he lived with his family at a known address in New York between 1998 and 2004. Considering the contradicting statements Ramos made to pre-trial services and his affidavit regarding his whereabouts between 1998 and 2004, the inconsistencies between his affidavit and his daughter's testimony on his living situation, and the government's surveillance of the address where Ramos claims to have lived, we cannot conclude that the district court erred in finding that Ramos was a fugitive avoiding prosecution.

■ Ramos further contends that, whether or not he was a fugitive, the government failed to satisfy its "obligation to exercise due diligence in attempting to locate and apprehend [him]," *Rayborn v. Scully*, 858 F.2d 84, 90 (2d Cir.1988). Specifically, Ramos asserts that the government failed to notify the New York Department of Motor Vehicles and immigration authorities about his arrest warrant, failed to seek his extradition from the Dominican Republic, and failed to interview his family and neighbors, including his building's superintendent. We conclude that the district court did not abuse its discretion in finding due diligence in light of the government's continuing interviews with informants and co-conspirators regarding Ramos's whereabouts, weekly surveillance on Ramos's apartment for six months after his attempted arrest, entry and maintenance of Ramos's personal details into three criminal databases, and prompt pursuit of Ramos once he was identified through a NCIC database check.[2] While the government could have taken additional steps to pursue Ramos, "law enforcement officials are not expected to make heroic efforts to apprehend a defendant who is purposefully avoiding apprehension or who has fled to parts unknown," *id.* at 90. Furthermore, even if the government was partially responsible for the delay after 2003 because of its failure to place a stop alert with the DMV, as the district court found, we conclude that the district court was well within its discretion in determining that Ramos was principally to blame for the delay.

Finally, Ramos argues that the district court erred in balancing two additional *Barker* factors: the defendant's assertion of his right and the prejudice to the defendant. "[T]he lack of timeliness ... of [a defendant's] assertions militates against according them strong evidentiary weight." *Id.* at 93. Accordingly, the district court acted within its discretion in lightly taxing against Ramos the two-year interval between his arrest and assertion of his right, while also acknowledging that Ramos may have been unaware of his right to a speedy trial. On the final factor, Ramos asserts that the five-and-a-half-year delay, and the death of a government witness during this delay, caused him significant prejudice and should have been weighed more heavily against the government. Ramos failed, however, to specify how his inability to cross-examine the government's witness harmed him. More im-

---

**2.** Ramos argues that the district judge should have discounted the government's evidence regarding its diligence because its sole testifying witness joined the case after Ramos's arrest and consequently lacked personal knowledge of the government's efforts to apprehend him. While personal knowledge of the government's efforts may be required in certain instances, under the facts of this case, the district court did not err in according weight to this evidence.

portantly, "[w]e are not likely to be easily persuaded by the complaint of an appellant that [he] was prejudiced by delay when the appellant caused the delay." *United States v. Blanco,* 861 F.2d 773, 780 (2d Cir.1988). In view of its determination that Ramos was more to blame for the delay in his arrest, the district court was correct in not weighing this last factor heavily against the government.

Having concluded that the district court did not err in its analysis of the individual *Barker* factors, we hold that the district court did not abuse its discretion in balancing those factors and finding that Ramos's Sixth Amendment right to a speedy trial was not violated.

For the foregoing reasons, the judgment of the district court is AFFIRMED.